

**LEON**
COUNTY

**GWENDOLYN MARSHALL**
*CLERK OF THE CIRCUIT COURT AND COMPTROLLER*





Expand All

| Case Number | Filed Date | Disposition Date | County | Case Type | Status | Contested | Jury Trial |
|---|---|---|---|---|---|---|---|
| 372024CA000446100MX [2024 CA 000446] | 03/17/2024 | | LEON | NEGLIGENCE PREMISES LIABILITY COMMERCIAL | OPEN | No | Yes |

| Filing Date | Description | Active | Contested | Judgment Date |
|---|---|---|---|---|
| 03/17/2024 | NEGLIGENCE PREMISES LIABILITY COMMERCIAL | YES | NO | . |

| Party Name | Party Type | Attorney | Bar ID |
|---|---|---|---|
| COOPER, JOHN C | JUDGE | | |
| STOKES, JOSEPH BAILEY III | ATTORNEY | | |
| PRO SE | ATTORNEY | | |
| BEST BUY CO INC | DEFENDANT | STOKES, JOSEPH BAILEY | 697183 |
| REAGAN, BOBBI | PLAINTIFF | FOSTER, EDWARD L | 111979 |
| KIESOW, SARAH MARIE | ATTORNEY | | |
| FOSTER, TEDDY | ATTORNEY | | |

**Dockets**

Page : 1

ALL ▾

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| | 16 | 04/23/2024 | CERTIFICATE OF NO OBJECTION | 3 |
| | 15 | 04/12/2024 | DEFENDANT'S NOTICE OF TAKING DEPOSITION DUCES TECUM OF PLAINTIFF | 2 |
| | 14 | 04/12/2024 | NOTICE OF PRODUCTION OF RECORDS FROM NON-PARTIES | 3 |
| | 13 | 04/12/2024 | DEFENDANT'S FIRST REQUEST FOR PRODUCTION TO PLAINTIFF | 3 |
| | 12 | 04/12/2024 | NOTICE OF SERVICE OF DEFENDANT'S FIRST INTERROGATORIES TO PLAINTIFF | 2 |
| | 11 | 04/11/2024 | DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT | 3 |
| | 10 | 03/27/2024 | DEFENDANT'S NOTICE OF APPEARANCE OF ADDITIONAL COUNSEL OF RECORD AND DESIGNATION OF EMAIL ADDRESSES FOR SERVICE OF DOCUMENTS | 2 |
| | 9 | 03/27/2024 | NOTICE OF APPEARANCE AND DESIGNATION OF EMAIL ADDRESSES FOR SERVICE OF DOCUMENTS | 2 |
| | 8 | 03/19/2024 | UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT E-NOTICED via email on 2024-03-19 | 4 |
| | 7 | 03/18/2024 | PAYMENT $410.00 RECEIPT #1770161 | 1 |
| | 6 | 03/18/2024 | JUDGE COOPER, JOHN C ASSIGNED | |
| | 5 | 03/17/2024 | COMPLAINT | 2 |
| | 4 | 03/17/2024 | SUMMONS ISSUED | 2 |
| | 3 | 03/17/2024 | NOTICE OF SERVICE OF INTERROGATORIES | 5 |
| | 2 | 03/17/2024 | REQUEST FOR PRODUCTION | 2 |
| | 1 | 03/17/2024 | CIVIL COVER SHEET | 3 |

**Judge Assignment History**

**Court Events**

**Financial Summary**

**Reopen History**



EXHIBIT
**A**

**FORM 1.997.     CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.     CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>SECOND</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>LEON</u>   COUNTY, FLORIDA

<u>Bobbi Reagan</u>
Plaintiff

Case #  <u>2024 CA 000446</u>

Judge  _____

vs.

<u>Best Buy Co., Inc.</u>
Defendant

### II.     AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

### III.     TYPE OF CASE     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☒ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

   <u>1</u>

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

**IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
☐ yes
☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Teddy Foster</u>           Fla. Bar # <u>111979</u>
          Attorney or party                      (Bar # if attorney)

<u>Teddy Foster  </u>           <u>03/17/2024</u>
 (type or print name)           Date

IN THE CIRCUIT COURT, SECOND JUDICIAL CIRCUIT, IN AND FOR LEON COUNTY, FLORIDA

CASE NO:  2024 CA 000446
DIVISION:

**BOBBI REAGAN,**

        Plaintiff,

v.

**BEST BUY CO., INC.,**

        Defendant.

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

COMES NOW the PLAINTIFF, BOBBI REAGAN, by and through her undersigned counsel, and hereby requests that Defendant, BEST BUY CO., INC., produce for inspection or copying the documents set forth below. Defendant shall produce these documents at the offices of Morgan & Morgan, P.A., 501 Riverside Avenue, Suite 1200, Jacksonville, FL 32202 within forty-five (45) days of service of this Request on Defendant.

## DEFENDANT SHALL PRODUCE THE FOLLOWING ITEMS AND MATTERS:

1.      All statements made by any witness to the subject incident that are not privileged.

2.      All statements made by the Plaintiff pertaining to or concerning the subject lawsuit.

3.      Any and all video records, including copies of all angles, of the subject incident including video of the area of Plaintiff's fall for the two hours before and one hour after.

4.      A copy of all insurance agreements and policies that may be liable to satisfy part of or all of a judgment that may be entered into this action, including a copy of the declarations

sheet/page of each policy. Please also provide any and all excess/umbrella coverage applicable to this claim.

5.     Time sheets, clock cards, or other similar document showing the hours and time worked by all employees working on the date of the subject incident for the hour before to the hour after the incident.

6.     A true and correct copy of Defendant's written policies and/or procedures related to assisting customers load merchandise into their shopping carts that was in place on the day of the incident.

7.     A true and correct copy of any and all complaints or documents showing claims or complaints made as to customers who sustained injuries while being assisted by Defendant's employee(s) within the three (3) years preceding the subject incident.

8.     Any photographs taken of the incident scene showing Plaintiff and/or the area around where Plaintiff fell after the subject incident.

9.     A copy of any incident report created to memorialize this subject incident.

**I HEREBY CERTIFY** that a true copy of the foregoing has been served on Defendant, BEST BUY CO., INC., together with the Summons and Complaint via service of process.

**Morgan & Morgan, P.A.**

/s/ *Teddy Foster*
_____
**TEDDY FOSTER, ESQUIRE**
Florida Bar No.: 111979
501 Riverside Avenue, Suite 1200
Jacksonville, FL 32202
(904) 944-8390
(904) 944-8490 (facsimile)
Primary E-mail: TFoster@ForThePeople.com
*Attorney for Plaintiff*

IN THE CIRCUIT COURT, SECOND
JUDICIAL CIRCUIT, IN AND FOR
LEON COUNTY, FLORIDA

CASE NO:    2024 CA 000446
DIVISION:

**BOBBI REAGAN,**

          Plaintiff,

**v.**

**BEST BUY CO., INC.,**

          Defendant.

_____/

## PLAINTIFF'S NOTICE OF SERVICE OF INTERROGATORIES TO DEFENDANT

COMES NOW the PLAINTIFF, BOBBI REAGAN, by and through her undersigned counsel, and hereby propounds upon Defendant, BEST BUY CO., INC., pursuant to Rule 1.340, F.R.C.P., the attached interrogatories, answers to which are due within forty-five (45) days from the date of service on the Defendant.

I HEREBY CERTIFY that a true copy of the foregoing has been served on the Defendant, BEST BUY CO., INC., together with a copy of the Summons and Complaint via service of process.

          **Morgan & Morgan, P.A.**

          /s/ Teddy Foster
          **TEDDY FOSTER, ESQUIRE**
          Florida Bar No.: 111979
          501 Riverside Avenue, Suite 1200
          Jacksonville, FL 32202
          (904) 944-8390
          (904) 944-8490 (facsimile)
          Primary E-mail: TFoster@ForThePeople.com
          *Attorney for Plaintiff*

## PLAINTIFF'S INTERROGATORIES TO DEFENDANT

1.      State the full name, address, occupation and employer of any and all persons who answer these Interrogatories or who have provided information used in compiling the answers to these Interrogatories.

2.      Is the name of this Defendant correctly stated in the Complaint?  If not, please state the correct name and if applicable all name changes from the date of the alleged incident to the present.

3.      State the correct *corporate* name for the management company/operators of premises as well as the owners of the premises described in Plaintiff's Complaint on the date of the incident.

4.      Is the date of the alleged incident correctly stated in the Complaint?  If not, please state the date, time and place of this alleged incident believed or known by you, your agents or attorneys to be correct.

5.      Please state whether any incident report was prepared by you or your employees in response to the incident giving rise to this action. If so, who is the custodian of the report?

6.      Please list the name, last known address, and employer of each and every employee employed by Defendant and working at said location on the date of the incident as alleged in the Complaint for the hour before and hour after the incident.

7.      State the full name, address, occupation and employer of any and all persons who have investigated this incident for or on behalf of your, your attorneys, agents, insurance carrier, etc. (We are not seeking reports or other work product, merely the name of the person).

8.      Please identify the names and addresses of all persons who are believed or known by you, or your agents or attorneys to have knowledge concerning any of the issues raised by the pleadings *and identify with a short and concise statement the subject matter and knowledge of said witnesses.*

9.      Have you, your agents, investigators, attorneys or anyone acting on your behalf, obtained any kind of written, recorded, or other type of statement from the Plaintiff or any other persons?  If so, please identify each statement by date, identity of person giving statement and name of current custodian of each statement.

10.     State the name of the manager, assistant manager, and/or supervisor who was/were working at the time of the subject incident?

11.     State whether you have within your possession or control photographs or diagrams of the incident scene or persons connected with said incident.  Describe any and all such items.

12.     Please state whether or not you have experienced any other similar incidents on the premises involved in this action within three years prior to the date of incident.  If your answer to this question is "yes", please list the name, address and occupation and telephone number for each and every individual involved in said incidents occurring in the three years prior to the incident.

13.     State whether there is liability insurance covering the Defendant(s) for this incident. If yes, identify the insurance carrier, policy number and applicable limits of liability. Please also disclose *all* umbrella/excess coverage applicable to this claim.

14.     State whether the Defendant's premises have surveillance cameras? Did any cameras capture Plaintiff's incident? If so, how many cameras captured said incident? Who is responsible for retaining the video?

**<u>SIGNATURE PAGE</u>**

STATE OF
COUNTY OF

        BEFORE ME, the undersigned authority, duly licensed to administer oaths and take acknowledgments, personally appeared_____, who is personally known to me or who had produced _____ as identification, being first duly sworn, deposes and says that _____ read the Answers to the foregoing Interrogatories, and that they are true and correct to the best of his knowledge.

_____

Representative of:

SWORN TO AND SUBSCRIBED before me this

_____

Notary Public (signature)

_____

Notary Public (type, print stamp commission)

My Commission Expires:       _____

❏  Personally Known OR
❏  Produced Identification
❏  Type of Identification Produced:  _____

IN THE CIRCUIT COURT, SECOND
JUDICIAL CIRCUIT, IN AND FOR LEON
COUNTY, FLORIDA

CASE NO: 2024 CA 000446
DIVISION:

**BOBBI REAGAN,**

       Plaintiff,

**v.**

**BEST BUY CO., INC.,**

       Defendant.

_____/

<u>**SUMMONS**</u>

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

    YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint
or Petition, Interrogatories, and Request for Production in the above-styled cause upon the
Defendant:

**BEST BUY CO., INC.
C/O CT CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324**

    Each Defendant is hereby required to serve written defenses to said Complaint or Petition
on **Teddy Foster Esq., Morgan & Morgan, P.A., 501 Riverside Avenue, Suite** 1200,
Jacksonville, Florida 32202, Telephone (904) 944-8390, within twenty (20) days after **service of
this Summons upon you**, exclusive of the day of service, and to file the original of said written
defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately
thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the
Complaint or Petition.

    WITNESS my hand and seal of this Court on this_____day of_____, 2024.

                            Clerk of the Circuit Court



                            By_____    03/18/2024
                            As Deputy Clerk

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desca, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su centa, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci- jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger' vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire detelephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT, SECOND JUDICIAL CIRCUIT, IN AND FOR LEON COUNTY, FLORIDA

CASE NO:    2024 CA 000446
DIVISION:

**BOBBI REAGAN,**

          Plaintiff,

**v.**

**BEST BUY CO., INC.,**

          Defendant.

_____/

## COMPLAINT

Plaintiff, BOBBI REAGAN, by and through her undersigned counsel, sues Defendant, BEST BUY CO., INC. ("BEST BUY"), and alleges as follows:

1.      This is an action for damages that exceeds the sum of FIFTY THOUSAND DOLLARS ($50,000.00), exclusive of costs, interest and attorneys' fees. The actual value of Plaintiff's claims will be determined by a fair and just jury in accordance with Article 1, Section 21, Florida Constitution.

2.      On April 13, 2023, Plaintiff was and remains a resident of Orlando, Florida.

3.      At all times material hereto, Defendant, BEST BUY, was a Foreign Profit Corporation authorized to and doing business in the state of Florida.

4.      On April 13, 2023, BEST BUY was the owner and/or operator of business located at 1400 Apalachee Parkway, Tallahassee, Florida.

5.      At said time and place, Plaintiff presented to Defendant's premises located at the above address as a business invitee.

6.      At said time and place, Defendant owed Plaintiff a non-delegable duty to maintain the premises in a reasonably safe condition, to warn Plaintiff of any dangerous condition, and for Defendant's employees to exercise due care in their duties and avoid negligently injuring Plaintiff.

7.      At said time and place, employees of Defendant were assisting Plaintiff when the employee negligently pushed Plaintiff's shopping cart too hard, which caused Plaintiff to fall.

8.      As a direct and proximate cause of the negligence of Defendant as outlined above, Plaintiff suffered bodily injury in and about her body and extremities resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition. These losses are permanent and continuing, Plaintiff has suffered these losses in the past and Plaintiff will suffer losses in the future.

WHEREFORE, Plaintiff, BOBBI REAGAN, demands judgment for damages against Defendant, BEST BUY CO., INC., and other such relief deemed proper by the Court.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

**RESPECTFULLY SUBMITTED** this 17th day of March 2024.

**Morgan & Morgan, P.A.**

/s/ Teddy Foster
**TEDDY FOSTER, ESQUIRE**
Florida Bar No.: 111979
501 Riverside Avenue, Suite 1200
Jacksonville, FL 32202
(904) 944-8390
(904) 944-8490 (facsimile)
Primary E-mail: TFoster@ForThePeople.com
*Attorney for Plaintiff*



# LEON COUNTY Receipt of Transaction
## Receipt #     1770161

GWEN MARSHALL
Clerk of Court and Comptroller
LEON COUNTY, FLORIDA

**Received From:**
Teddy Foster

,

**On Behalf Of:**

On: 3/18/2024  10:33:09AM
Transaction # 101059166
Cashiered by: L WILLIAMS

,

| CaseNumber   2024 CA 000446 |
|---|

**Judge   JOHN C COOPER**

**BOBBI REAGAN   VS   BEST BUY CO., INC.**

Comments:

| Fee Description | Fee | Prior Paid | Waived | Due | Paid | Balance |
|---|---|---|---|---|---|---|
| (COMP_CA) COMPLAINT | 400.00 | 0.00 | 0.00 | 400.00 | 400.00 | 0.00 |
| (CASUIS) CIRCUIT CIVIL SUMMONS ISSUED | 10.00 | 0.00 | 0.00 | 10.00 | 10.00 | 0.00 |
| **Total:** | **410.00** | **0.00** | **0.00** | **410.00** | **410.00** | **0.00** |
| | | | | | | |
| **Grand Total:** | **410.00** | **0.00** | **0.00** | **410.00** | **410.00** | **0.00** |

| PAYMENTS |
|---|

| Payment Type | Reference | | Amount | Refund | Overage | Change | Net Amount |
|---|---|---|---|---|---|---|---|
| CREDIT CARD EFILE | 194179272 | OK | 410.00 | 0.00 | 0.00 | 0.00 | 410.00 |
| | | **Payments Total:** | **410.00** | **0.00** | **0.00** | **0.00** | **410.00** |

IN THE SECOND JUDICIAL CIRCUIT IN AND FOR LEON COUNTY, FLORIDA

**BOBBI  REAGAN**

    Plaintiff

vs                                     CASE NO.: 2024 CA 000446

**BEST BUY CO INC**

    Defendant

_____/

## UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT

In compliance with Florida Supreme Court directives on active, differential civil case management established in Supreme Court Administrative Order AOSC20-23, Amendment 12, and Second Judicial Circuit Administrative Order 21 - 04, all parties in the above-styled cause are bound by this Case Management Order.

**Plaintiff shall serve this order on all parties with service of the original complaint. Strict enforcement is required unless good cause is shown for an exception or as otherwise required by law.**

**I. PROJECTED TRIAL DATE**

All COUNTY COURT Civil cases are designated STREAMLINED CASES with a projected trial date of 360 days from the date of filing of the complaint.

All CIRCUIT COURT Civil cases for which the complaint does not demand trial by jury are designated STREAMLINED CASES with a projected trial date of 360 days from the date of filing of the complaint.

All CIRCUIT COURT Civil cases for which the complaint demands trial by jury are GENERAL CASES with a projected trial date of 540 days from the date of filing of the complaint.

A change in the above designations may be made by the presiding judge on the judge's own initiative or upon motion of any party. Should any party assert that a civil case should be treated other than designated above, such party shall file a written motion requesting such change and the motion shall be expeditiously resolved by the

presiding Judge.

## II. Notice that Cause is at Issue and Firm Trial Date

The parties must file a Joint Notice that the Cause is at Issue no later than 15 days after the pleadings are closed. In the event of a dispute, either party may file a motion and request a hearing to determine if the cause is at issue.

Upon joint notice or judicial determination that the cause is at issue, the Court will schedule a Firm Trial Date consistent with the Projected Trial Date above unless either party requests a different date in their Notice that the Cause is at Issue. Should either party request a Firm Trial Date different than the Projected Trial Date, the Plaintiff shall expeditiously set a case management conference to determine the Firm Trial Date.

## III. Mandatory Deadlines for Streamlined Cases

If this case is designated as a STREAMLINED CASE, the following deadlines shall apply and, by directive of the Florida Supreme Court, must be strictly enforced unless good cause is shown for an exception or as otherwise required by law:

120 days after filing: Service of Complaints
150 days after filing: Service under any Extension of Time
180 days after filing: Adding New Parties
210 days after filing: Resolution of Objections to Pleadings and Motions to Dismiss
270 days after filing: Completion of Fact and Expert Discovery
270 days after filing: Resolution of Pretrial Motions, including Motions for Summary Judgment

## IV. Mandatory Deadlines for General Cases

If this case is designated as a GENERAL CASE, the following deadlines shall apply and, by directive of the Florida Supreme Court, must be strictly enforced unless good cause is shown for an exception or as otherwise required by law:

120 days after filing: Service of Complaints
180 days after filing: Service under any Extension of Time
210 days after filing: Adding New Parties
270 days after filing: Resolution of Objections to Pleadings and Motions to Dismiss
400 days after filing: Completion of Fact and Expert Discovery
450 days after filing: Resolution of Pretrial Motions, including Motions for Summary Judgment

## V. Mediation

All parties must mediate unless excused by court order for good cause shown or as otherwise required by law and in compliance with Rules of Civil Procedure 1.700 - 1.730.

## VI. Noncompliance

**By Order of the Florida Supreme Court, strict, good faith compliance with this Uniform Order for Active, Differential Civil Case Management is required unless good cause is shown for an exception or as otherwise required by law. These procedures and time standards do not supplant any existing rule, statute, or law.**

**Failure to appear at the pretrial conference or failure to comply with the terms of this order may result in such sanctions as are just and lawful including: an immediate ex parte hearing and entry of final judgment of default or dismissal, limitation of witnesses or other evidence, striking of claims or defenses, or imposition of attorney fees or costs.**

## VII. Hearings by Audio-Video Technology

During the COVID-19 Public Health Emergency, all hearings other than jury selection and trial shall be conducted consistent with Florida Supreme Court andSecond Circuit Administrative Order by audio-video technology. Each judge isresponsible to establish the process for such audio-video technology hearings bynotice of hearing including technology access.After the conclusion of the COVID-19 Public Health Emergency all hearings otherthan jury selection and trial may be conducted by audio-video technology. Eachjudge is responsible to establish the process for such audio-video technologyhearings by notice of hearing including technology access.

Tuesday, March 19, 2024

JOHN C COOPER CIRCUIT JUDGE

JOHN C COOPER
Circuit Judge

## SUPPLEMENT TO CIVIL CASE MANAGEMENT ORDER

If, at the time the Uniform Order For Active Differential Civil Case Management ("Order") is filed, service on the Defendant(s) has already been made or process provided to a process server, the Plaintiff may comply with the second (in bold) paragraph of the Order by promptly providing a copy of the Order to the Defendant(s) by U.S. Mail or by Electronic Mail. The Plaintiff shall then file a certificate of service documenting that this Order has been provided to the Defendant(s) in this manner.

IN THE CIRCUIT COURT, SECOND
JUDICIAL CIRCUIT, IN AND FOR
LEON COUNTY, FLORIDA

CASE NO.: 2024 CA 000446

BOBBI REAGAN,

      Plaintiff,

vs.

BEST BUY CO., INC.,

      Defendant.

_____/

## NOTICE OF APPEARANCE AND DESIGNATION
## OF EMAIL ADDRESSES FOR SERVICE OF DOCUMENTS

COMES NOW, Joseph B. Stokes, III, Esquire, and files this Notice of Appearance as

attorney of record in the above-captioned matter on behalf of the Defendant, BEST BUY CO.,

INC.

Pursuant to Florida Rule of Judicial Administration 2.516(1)(A), Defendant hereby gives

notice of the primary and secondary email addresses of its counsel as follows:

| | |
|---|---|
| Counsel's Name: | Joseph B. Stokes, III |
| Primary Email Address: | jstokes@saalfieldlaw.com |
| Secondary Email Addresses: | llovein@saalfieldlaw.com; sbrice@saalfieldlaw.com |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been e-filed with

the Clerk of the Court by using the Florida Courts Portal system and furnished to the following

named addressees via email on this 27th day of March, 2024:

**Teddy Foster, Esquire**
Florida Bar No.: 111979
**Morgan & Morgan, P.A.**

501 Riverside Avenue, Suite 1200
Jacksonville, FL 32202
Email (Primary)  tfoster@forthepeople.com
Telephone: (904) 944-8390
Facsimile: (904) 944-8490
***Attorneys for Plaintiff***

**SAALFIELD SHAD, P.A.**

**/s/ Joseph B. Stokes, III**
_____
**JOSEPH B. STOKES, III, ESQUIRE**
Florida Bar Number: 897183
Email (Primary) jstokes@saalfieldlaw.com
Email (Secondary) llovein@saalfieldlaw.com;
sbrice@saalfieldlaw.com
245 Riverside Avenue, Suite 400
Jacksonville, FL 32202
904-355-4401 (phone)
904-355-3503 (facsimile)
***Attorneys for Defendant***

IN THE CIRCUIT COURT, SECOND
JUDICIAL CIRCUIT, IN AND FOR
LEON COUNTY, FLORIDA

CASE NO.: 2024 CA 000446

BOBBI REAGAN,

     Plaintiff,

vs.

BEST BUY CO., INC.,

     Defendant.

_____/

## DEFENDANT'S NOTICE OF APPEARANCE OF ADDITIONAL COUNSEL OF RECORD AND DESIGNATION OF EMAIL ADDRESSES FOR SERVICE OF DOCUMENTS

COMES NOW, Sarah M. Kiesow, Esquire of SAALFIELD SHAD, P.A., and files this Notice of Appearance as an additional record of attorney in the above-captioned matter on behalf of the Defendant, BEST BUY CO., INC.

Pursuant to Florida Rule of Judicial Administration 2.516(1)(A), Defendant hereby gives notice of the primary and secondary email addresses of its additional counsel as follows:

| | |
|---|---|
| Counsel's Name | Sarah M. Kiesow |
| Primary Email Addresses: | skiesow@saalfieldlaw.com |
| Secondary Email Address: | lhoepker@saalfieldlaw.com |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been e-filed with the Clerk of the Court by using the Florida Courts Portal system and furnished to the following named addressees via email on this 27th day of March 2024:

**Teddy Foster, Esquire**
Florida Bar No.: 111979
**Morgan & Morgan, P.A.**

501 Riverside Avenue, Suite 1200
Jacksonville, FL 32202
Email (Primary)  tfoster@forthepeople.com
Telephone: (904) 944-8390
Facsimile: (904) 944-8490
***Attorneys for Plaintiff***

**SAALFIELD SHAD, P.A.**

**/s/ Sarah M. Kiesow**
_____
**JOSEPH B. STOKES, III, ESQUIRE**
Florida Bar Number: 897183
Email (Primary) jstokes@saalfieldlaw.com
Email (Secondary) llovein@saalfieldlaw.com
sbrice@saalfieldlaw.com
**SARAH M. KIESOW, ESQUIRE**
Florida Bar Number: 1013505
Email (Primary) skiesow@saalfieldlaw.com
Email (Secondary) lhoepker@saalfieldlaw.com
245 Riverside Avenue, Suite 400
Jacksonville, FL 32202
904-355-4401 (phone)
904-355-3503 (facsimile)
***Attorneys for Defendant***

2

IN THE CIRCUIT COURT, SECOND
JUDICIAL CIRCUIT, IN AND FOR
LEON COUNTY, FLORIDA

CASE NO.:  2024 CA 000446

BOBBI REAGAN,

       Plaintiff,

vs.

BEST BUY CO., INC.,

       Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, BEST BUY STORES, L.P. (incorrectly named in Plaintiff's Complaint as "Best Buy Co., Inc."), by and through the undersigned attorneys, hereby responds to Plaintiff's Complaint as follows:

1. Admitted for jurisdictional purposes only, otherwise denied.

2. Defendant is without knowledge; therefore, denied.

3. Denied.

4. Defendant admits the allegations of Paragraph 4 to the extent BEST BUY STORES, L.P. operated a store located at 1400 Apalachee Parkway, Tallahassee, Florida 32301, otherwise denied.

5. Defendant is without knowledge; therefore, denied.

6. Denied.

7. Denied.

8. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff was herself negligent, which negligence was the proximate or contributing cause of her injury and/or injuries. Therefore, any recovery in this action should be reduced on a pro rata basis based upon the degree of her negligence.

### Second Affirmative Defense

This Defendant is entitled to a set-off for any and all benefits received by the Plaintiff from any collateral source as defined by applicable Florida Statutes and case law.

### Third Affirmative Defense

The Plaintiff has failed to mitigate her damages in this case, which failure to mitigate should reduce her claim for damages in direct proportion thereto.

### Fourth Affirmative Defense

Plaintiff's damages were caused by the negligence of non-parties to this litigation and pursuant to applicable Florida law, said non-parties to this litigation, whose negligence may have been a contributing proximate cause to the Plaintiff's damages, should be named on the verdict and judgment entered based on the respective degrees of negligence of the various entities.

### Fifth Affirmative Defense

Defendant affirmatively pleads application of Florida Statute 768.0427.

### Sixth Affirmative Defense

Plaintiff's claim is barred because plaintiff was more than 50% at fault for her own harm.

### Seventh Affirmative Defense

Defendant affirmatively pleads applications of all provisions of Florida tort reform, March 24, 2023.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a jury trial on all issues so triable.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been e-filed with

the Clerk of the Court by using the Florida Courts Portal system and furnished to the following

named addressees via email on this 11th day of April 2024:

**Teddy Foster, Esquire**
Florida Bar No.: 111979
**Morgan & Morgan, P.A.**
501 Riverside Avenue, Suite 1200
Jacksonville, FL 32202
Email (Primary)  tfoster@forthepeople.com
Email (Secondary) tsteele@forthepeople.com; mkimbrew@forthepeople.com
Telephone: (904) 944-8390
Facsimile: (904) 944-8490
*Attorneys for Plaintiff*

**SAALFIELD SHAD, P.A.**

**/s/ Joseph B. Stokes, III**

_____
**JOSEPH B. STOKES, III, ESQUIRE**
Florida Bar Number: 897183
Email (Primary) jstokes@saalfieldlaw.com
Email (Secondary) llovein@saalfieldlaw.com
sbrice@saalfieldlaw.com
**SARAH M. KIESOW, ESQUIRE**
Florida Bar Number: 1013505
Email (Primary) skiesow@saalfieldlaw.com
Email (Secondary) lhoepker@saalfieldlaw.com
245 Riverside Avenue, Suite 400
Jacksonville, FL 32202
904-355-4401 (phone)
904-355-3503 (facsimile)
*Attorneys for Defendant, Best Buy Stores, L.P.,*
*incorrectly named in Plaintiff's Complaint as*
*Best Buy Co., Inc.*

IN THE CIRCUIT COURT, SECOND
JUDICIAL CIRCUIT, IN AND FOR
LEON COUNTY, FLORIDA

CASE NO.:  2024 CA 000446

BOBBI REAGAN,

      Plaintiff,

vs.

BEST BUY CO., INC.,

      Defendant.

_____/

## NOTICE OF SERVICE OF
## DEFENDANT'S FIRST INTERROGATORIES TO PLAINTIFF

Defendant, **BEST BUY STORES, L.P.** *(improperly named in Plaintiff's Complaint as "Best Buy Co., Inc.")*, hereby gives notice that Defendant's Interrogatories to Plaintiff, **BOBBI REAGAN**, numbered one (1) through twenty-nine (29), have been served upon Plaintiff, c/o Teddy Foster, Esquire, by Electronic Mail.

## THIS SECTION INTENTIONALLY LEFT BLANK

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been e-filed with

the Clerk of the Court by using the Florida Courts Portal system and furnished to the following

named addressees via email on this 12th day of April, 2024:

**Teddy Foster, Esquire**
Florida Bar No.: 111979
**Morgan & Morgan, P.A.**
501 Riverside Avenue, Suite 1200
Jacksonville, FL 32202
Email (Primary)  tfoster@forthepeople.com
Email (Secondary) tsteele@forthepeople.com;
mkimbrew@forthepeople.com
Telephone: (904) 944-8390
Facsimile: (904) 944-8490
*Attorneys for Plaintiff*

                                        **SAALFIELD SHAD, P.A.**

                                        **/s/ Joseph B. Stokes, III**

                                        _____
                                        **JOSEPH B. STOKES, III, ESQUIRE**
                                        Florida Bar Number: 897183
                                        Email (Primary) jstokes@saalfieldlaw.com
                                        Email (Secondary) llovein@saalfieldlaw.com;
                                        sbrice@saalfieldlaw.com
                                        **SARAH M. KIESOW, ESQUIRE**
                                        Florida Bar Number: 1013505
                                        Email (Primary) skiesow@saalfieldlaw.com
                                        Email (Secondary) lhoepker@saalfieldlaw.com
                                        245 Riverside Avenue, Suite 400
                                        Jacksonville, FL 32202
                                        904-355-4401 (phone)
                                        904-355-3503 (facsimile)
                                        *Attorneys for the Defendant*

IN THE CIRCUIT COURT, SECOND
JUDICIAL CIRCUIT, IN AND FOR
LEON COUNTY, FLORIDA

CASE NO.:  2024 CA 000446

BOBBI REAGAN,

     Plaintiff,

vs.

BEST BUY CO., INC.,

     Defendant.

_____/

## **DEFENDANT'S FIRST REQUEST FOR PRODUCTION TO PLAINTIFF**

Defendant, **BEST BUY STORES, L.P.** *(improperly named in Plaintiff's Complaint as "Best Buy Co., Inc.")*, by and through its undersigned attorneys, hereby requests pursuant to Rule 1.350, Florida Rules of Civil Procedure, that Plaintiff, **BOBBI REAGAN**, produce and permit Defendant to inspect and copy each of the following documents:

1.    Medical bills, including but not limited to doctors, hospitals and prescriptions arising out of the alleged injuries which are the subject of your Complaint.

2.    If you are making a lost wages claim, Income Tax Returns for the years 2019 through 2023, including W-2 forms filed.

3.    Hospital records concerning any and all hospitalizations arising out of the alleged injuries to Plaintiff which are in your or your attorney's possession, custody or control.

4.    Medical records from any doctors, nurses or other health care providers who have seen and/or treated Plaintiff as a result of the alleged injuries pled in the Complaint.

5.    Medical reports, opinions or other written memoranda from doctors, nurses or other health care providers, or expert witnesses containing information concerning the injuries and/or damages allegedly sustained by Plaintiff which are in your or your attorney's possession, custody or control.

6.      Any and all photographs taken in relation to this incident.

7.      Any and all statements obtained in relation to this case.

8.      All documents which you anticipate you may utilize as exhibits in the trial of this matter.

9.      A copy of the front and back of all health insurance cards including Medicare, Medicaid, and/or private health insurance carriers in possession of the Plaintiff at the time of the accident and anytime thereafter.

10.     All documents and payment information made by third party/collateral source lien holders received by Plaintiff or Plaintiff's counsel in connection with the subject accident.

11.     All documents sent by Plaintiff's counsel to any collateral source lien holders advising them of the subject accident and/or putting said collateral source lien holder on notice.

12.     All documents sent by Plaintiff or received by Plaintiff in connection with any disability insurance in effect at the time of the subject accident.

13.     If you have, or have ever had, Medicare health insurance coverage, an original Consent to Release directed to Centers for Medicare & Medicaid Services (CMS) executed by Plaintiff. (Attached hereto).

14.     If you have ever applied for social security disability, please identify at which office your applied and execute the attached Consent for Release of Information, and Form SSA-7050-F directed to Social Security Administration. (Attached hereto).

15.     If you have, or have ever had, Medicaid health insurance coverage, an original Authorization for the Use and Disclosure of Protected Health Information directed to Florida Medicaid TPL Recovery Program executed by Plaintiff. (Attached hereto).

16.     Copies of all records related to any mental health treatment received by Plaintiff in the last ten (10) years, including but not limited to, psychologists, psychiatrists, counselors or

2

therapists. This request specifically includes records of treatment for substance abuse, dependency or addiction.

17.     The shoes worn by the Plaintiff at the time of the incident alleged in Plaintiff's Complaint.

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been e-filed with the Clerk of the Court by using the Florida Courts Portal system and furnished to the following named addressees via email on this 12th day of April, 2024:

**Teddy Foster, Esquire**
Florida Bar No.: 111979
**Morgan & Morgan, P.A.**
501 Riverside Avenue, Suite 1200
Jacksonville, FL 32202
Email (Primary) tfoster@forthepeople.com
Email (Secondary) tstecle@forthepeople.com;
mkimbrew@forthepeople.com
Telephone: (904) 944-8390
Facsimile: (904) 944-8490
*Attorneys for Plaintiff*

                                        **SAALFIELD SHAD, P.A.**

                                        **/s/ Joseph B. Stokes, III**
                                        _____
                                        **JOSEPH B. STOKES, III, ESQUIRE**
                                        Florida Bar Number: 897183
                                        Email (Primary) jstokes@saalfieldlaw.com
                                        Email (Secondary) llovein@saalfieldlaw.com;
                                        sbrice@saalfieldlaw.com
                                        **SARAH M. KIESOW, ESQUIRE**
                                        Florida Bar Number: 1013505
                                        Email (Primary) skiesow@saalfieldlaw.com
                                        Email (Secondary) lhoepker@saalfieldlaw.com
                                        245 Riverside Avenue, Suite 400
                                        Jacksonville, FL 32202
                                        904-355-4401 (phone)
                                        904-355-3503 (facsimile)
                                        *Attorneys for Defendant*

IN THE CIRCUIT COURT, SECOND
JUDICIAL CIRCUIT, IN AND FOR
LEON COUNTY, FLORIDA

CASE NO.: 2024 CA 000446

BOBBI REAGAN,

     Plaintiff,

vs.

BEST BUY CO., INC.,

     Defendant.

_____/

## NOTICE OF PRODUCTION OF RECORDS FROM NON-PARTIES

TO:    ALL COUNSEL OF RECORD

     Please take notice, pursuant to the Florida Rules of Civil Procedure, Rule 1.351, that ten

(10) days from the date of service of this notice via Electronic Mail, and if no objection is received

from any party, the Defendant, **BEST BUY STORES, L.P.,** *(improperly named in Plaintiff's*

*Complaint as Best Buy Co. Inc.)* will issue the following Subpoenas Duces Tecum Without

Deposition directed to:

| MEDICAL | |
|---|---|
| **CUSTODIAN OF RECORDS**<br>AdventHealth Celebration<br>400 Celebration Place<br>Kissimmee, FL 34747 | **CUSTODIAN OF RECORDS**<br>Karen Bartley, MD<br>15 Council Moore Road<br>Crawfordville, FL 32327 |
| **CUSTODIAN OF RECORDS**<br>Central Emergency Medical Services<br>P.O. Box 661017<br>Dallas, TX 75266 | **CUSTODIAN OF RECORDS**<br>Leon County Emergency Medical Services<br>911 Easterwood Drive<br>Tallahassee, FL 32311 |
| **CUSTODIAN OF RECORDS**<br>Northside Hospital Forsyth<br>1200 Northside Forsyth Drive<br>Cumming, GA 30041 | **CUSTODIAN OF RECORDS**<br>Southern Medical Group<br>1300 Medical Drive<br>Tallahassee, FL 32308 |
| **ECORDS**<br>Tallahassee Memorial Hospital<br>1300 Miccosukee Road<br>Tallahassee, FL 32308 | |

| PHARMACIES | |
|---|---|
| **CUSTODIAN OF RECORDS**<br>CVS Pharmacy<br>Attn: Prescription Records Service Center<br>One CVS Drive, Mail Code B120<br>Woonsocket, RI 02895 | **CUSTODIAN OF RECORDS**<br>Kmart Corporation<br>ATTN: AC-381B-A<br>3333 Beverly Road<br>Hoffman Estates, IL 60179 |
| **CUSTODIAN OF RECORDS**<br>Privacy Officer - Publix Pharmacy<br>3300 Publix Corporate Parkway<br>Lakeland, FL 33811 | **CUSTODIAN OF RECORDS**<br>Walgreen Company – RX Records<br>PO Box 4039<br>MS #735<br>Danville, IL 61834 |
| **CUSTODIAN OF RECORDS**<br>Walmart, Inc.<br>702 SW 8th Street<br>Bentonville, AR 72716-0215 | **CUSTODIAN OF RECORDS**<br>Winn-Dixie – Pharmacy<br>c/o Southeastern Grocers, LLC<br>8928 Prominence Parkway, Building 200<br>Jacksonville, FL 32256 |
| INSURANCE | |
| **CUSTODIAN OF RECORDS**<br>Blue Cross & Blue Shield of Florida, Inc.<br>c/o Chief Financial Officer<br>Department of Financial Services<br>Division of Legal Services – Service Process<br>Section<br>200 East Gaines Street<br>Tallahassee, FL 32314 | |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been e-filed with

the Clerk of the Court by using the Florida Courts Portal system and furnished to the following

named addressees via email on this 12th day of April, 2024:

**Teddy Foster, Esquire**
Florida Bar No.: 111979
**Morgan & Morgan, P.A.**
501 Riverside Avenue, Suite 1200
Jacksonville, FL 32202
Email (Primary)  tfoster@forthepeople.com
Email (Secondary) tsteele@forthepeople.com; mkimbrew@forthepeople.com
Telephone: (904) 944-8390
Facsimile: (904) 944-8490
*Attorneys for Plaintiff*

**SAALFIELD SHAD, P.A.**

**/s/ Joseph B. Stokes, III**

**JOSEPH B. STOKES, III, ESQUIRE**
Florida Bar Number: 897183
Email (Primary) jstokes@saalfieldlaw.com
Email (Secondary) llovein@saalfieldlaw.com
sbrice@saalfieldlaw.com
**SARAH M. KIESOW, ESQUIRE**
Florida Bar Number: 1013505
Email (Primary) skiesow@saalfieldlaw.com
Email (Secondary) lhoepker@saalfieldlaw.com
245 Riverside Avenue, Suite 400
Jacksonville, FL 32202
904-355-4401 (phone)
904-355-3503 (facsimile)
*Attorneys for Defendant*

3

IN THE CIRCUIT COURT, SECOND
JUDICIAL CIRCUIT, IN AND FOR
LEON COUNTY, FLORIDA

CASE NO.: 2024 CA 000446

BOBBI REAGAN,

      Plaintiff,

vs.

BEST BUY CO., INC.,

      Defendant.

_____/

## **DEFENDANT'S NOTICE OF TAKING DEPOSITION**
## **DUCES TECUM OF PLAINTIFF**

PLEASE TAKE NOTICE that the undersigned attorney for Defendant will take the

deposition of:

| **Bobbi Reagan, Plaintiff** |
|---|

| **Date:** | **Tuesday, June 18, 2024** |
|---|---|
| **Time:** | **9:30 a.m.** |
| **Place:** | **Veritext Legal Solutions - via Zoom** |

The deposition will be upon oral examination, pursuant to Florida Rules of Civil Procedure

before Veritext Legal Solutions, Notary Public, or before some other officer authorized by law to

take depositions, to be conducted remotely via the Zoom application link. ***Plaintiff shall have with***

***her at the time of the deposition the shoes she was wearing at the time of the incident alleged in***

***Plaintiff's Complaint.***

Said deposition is to be taken for discovery purposes, for use as evidence, for use at trial,

or for such other purpose as authorized by law and the Florida Rules of Civil Procedure, and shall

be continued from day to day until completed.

*Individuals with disabilities* *needing a reasonable accommodation to participate in this proceeding should contact Joseph B. Stokes, III, Esquire no later than seven (7) days (or if less than 7 days as soon as possible) prior to the proceeding at 904-355-4401; or if hearing impaired, 1-800-955-8771 (TDD); or 1-800-955-8770 (V); via Florida Relay Service.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been e-filed with the Clerk of the Court by using the Florida Courts Portal system and furnished to the following named addressees via email on this 12th day of April, 2024:

**Teddy Foster, Esquire**
Florida Bar No.: 111979
**Morgan & Morgan, P.A.**
501 Riverside Avenue, Suite 1200
Jacksonville, FL 32202
Email (Primary)  tfoster@forthepeople.com
Email (Secondary) tsteele@forthepeople.com; mkimbrew@forthepeople.com
Telephone: (904) 944-8390
Facsimile: (904) 944-8490
*Attorneys for Plaintiff*

                             **SAALFIELD SHAD, P.A.**

                             **/s/ Joseph B. Stokes, III**
                             _____
                             **JOSEPH B. STOKES, III, ESQUIRE**
                             Florida Bar Number: 897183
                             Email (Primary) jstokes@saalfieldlaw.com
                             Email (Secondary) llovein@saalfieldlaw.com
                             sbrice@saalfieldlaw.com
                             **SARAH M. KIESOW, ESQUIRE**
                             Florida Bar Number: 1013505
                             Email (Primary) skiesow@saalfieldlaw.com
                             Email (Secondary) lhoepker@saalfieldlaw.com
                             245 Riverside Avenue, Suite 400
                             Jacksonville, FL 32202
                             904-355-4401 (phone)
                             904-355-3503 (facsimile)
                             *Attorneys for Defendant*

2

IN THE CIRCUIT COURT, SECOND
JUDICIAL CIRCUIT, IN AND FOR
LEON COUNTY, FLORIDA

CASE NO.: 2024 CA 000446

BOBBI REAGAN,

     Plaintiff,

vs.

BEST BUY CO., INC.,

     Defendant.

_____/

## CERTIFICATE OF NO OBJECTION

TO:    ALL COUNSEL OF RECORD

    Defendant, **BEST BUY STORES, L.P.,** *(improperly named in Plaintiff's Complaint as*

*"Best Buy Co. Inc."),* hereby certifies that it has not received any objection by any party in this

matter to the issuance of the subpoenas attached to the Notice of Production of Records from Non-

Parties dated April 12, 2024 and directed to:

| MEDICAL | |
|---|---|
| **CUSTODIAN OF RECORDS**<br>AdventHealth Celebration<br>400 Celebration Place<br>Kissimmee, FL 34747 | **CUSTODIAN OF RECORDS**<br>Karen Bartley, MD<br>15 Council Moore Road<br>Crawfordville, FL 32327 |
| **CUSTODIAN OF RECORDS**<br>Central Emergency Medical Services<br>P.O. Box 661017<br>Dallas, TX 75266 | **CUSTODIAN OF RECORDS**<br>Leon County Emergency Medical Services<br>911 Easterwood Drive<br>Tallahassee, FL 32311 |
| **CUSTODIAN OF RECORDS**<br>Northside Hospital Forsyth<br>1200 Northside Forsyth Drive<br>Cumming, GA 30041 | **CUSTODIAN OF RECORDS**<br>Southern Medical Group<br>1300 Medical Drive<br>Tallahassee, FL 32308 |
| **CUSTODIAN OF RECORDS**<br>Tallahassee Memorial Hospital<br>1300 Miccosukee Road<br>Tallahassee, FL 32308 | |

| **PHARMACIES** | |
|---|---|
| **CUSTODIAN OF RECORDS**<br>CVS Pharmacy<br>Attn: Prescription Records Service Center<br>One CVS Drive, Mail Code B120<br>Woonsocket, RI 02895 | **CUSTODIAN OF RECORDS**<br>Kmart Corporation<br>Attn: AC-381B-A<br>3333 Beverly Road<br>Hoffman Estates, IL 60179 |
| **CUSTODIAN OF RECORDS**<br>Privacy Officer - Publix Pharmacy<br>3300 Publix Corporate Parkway<br>Lakeland, FL 33811 | **CUSTODIAN OF RECORDS**<br>Walgreen Company – RX Records<br>P.O. Box 4039<br>MS #735<br>Danville, IL 61834 |
| **CUSTODIAN OF RECORDS**<br>Walmart, Inc.<br>702 SW 8th Street<br>Bentonville, AR 72716-0215 | **CUSTODIAN OF RECORDS**<br>Winn-Dixie – Pharmacy<br>c/o Southeastern Grocers, LLC<br>8928 Prominence Parkway, Building 200<br>Jacksonville, FL 32256 |
| **INSURANCE** | |
| **CUSTODIAN OF RECORDS**<br>Blue Cross & Blue Shield of Florida, Inc.<br>c/o Chief Financial Officer<br>Department of Financial Services<br>Division of Legal Services – Service Process<br>Section<br>200 East Gaines Street<br>Tallahassee, FL 32314 | |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been e-filed with

the Clerk of the Court by using the Florida Courts Portal system and furnished to the following

named addressees via email on this 23rd day of April, 2024:

**Teddy Foster, Esquire**
Florida Bar No.: 111979
**Morgan & Morgan, P.A.**
501 Riverside Avenue, Suite 1200
Jacksonville, FL 32202
Email (Primary)  tfoster@forthepeople.com
Email (Secondary) tsteele@forthepeople.com; mkimbrew@forthepeople.com
Telephone: (904) 944-8390
Facsimile: (904) 944-8490
*Attorneys for Plaintiff*

2

**SAALFIELD SHAD, P.A.**

**/s/ Joseph B. Stokes, III**
_____
**JOSEPH B. STOKES, III, ESQUIRE**
Florida Bar Number: 897183
Email (Primary) jstokes@saalfieldlaw.com
Email (Secondary) llovein@saalfieldlaw.com
sbrice@saalfieldlaw.com
**SARAH M. KIESOW, ESQUIRE**
Florida Bar Number: 1013505
Email (Primary) skiesow@saalfieldlaw.com
Email (Secondary) lhoepker@saalfieldlaw.com
245 Riverside Avenue, Suite 400
Jacksonville, FL 32202
904-355-4401 (phone)
904-355-3503 (facsimile)
_**Attorneys for Defendant**_

IN THE CIRCUIT COURT, SECOND
JUDICIAL CIRCUIT, IN AND FOR
LEON COUNTY, FLORIDA

CASE NO.:  2024 CA 000446

BOBBI REAGAN,

     Plaintiff,

vs.

BEST BUY CO., INC.,

     Defendant.

_____/

## DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL

Defendant, Best Buy Stores, L.P., (incorrectly named in Plaintiff's Complaint as "Best Buy Co., Inc.") by and through its undersigned attorneys, and pursuant to 28 U.S.C. §1332, §1441, and §1446, hereby gives notice that it has this date filed with the U.S. District Court for the Northern District of Florida, Tallahassee Division, a Notice of Removal.  A copy of the Notice of Removal (without Exhibits) is attached hereto as Exhibit "A."

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been e-filed with the Clerk of the Court by using the Florida Courts Portal system and furnished to the following named addressees via email on this 9th day of May, 2024:

**Teddy Foster, Esquire**
Florida Bar No.: 111979
**Morgan & Morgan, P.A.**
501 Riverside Avenue, Suite 1200
Jacksonville, FL 32202
Email (Primary)  tfoster@forthepeople.com
Email (Secondary) tsteele@forthepeople.com; mkimbrew@forthepeople.com
Telephone: (904) 944-8390
Facsimile: (904) 944-8490
***Attorneys for Plaintiff***

**SAALFIELD SHAD, P.A.**

**/s/ Joseph B. Stokes, III**
_____
**JOSEPH B. STOKES, III, ESQUIRE**
Florida Bar Number: 897183
Email (Primary) jstokes@saalfieldlaw.com
Email (Secondary) llovein@saalfieldlaw.com
sbrice@saalfieldlaw.com
**SARAH M. KIESOW, ESQUIRE**
Florida Bar Number: 1013505
Email (Primary) skiesow@saalfieldlaw.com
Email (Secondary) lhoepker@saalfieldlaw.com
245 Riverside Avenue, Suite 400
Jacksonville, FL 32202
904-355-4401 (phone)
904-355-3503 (facsimile)
_Attorneys for Defendant_

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BOBBI REAGAN,

     Plaintiff,

vs.                                                    CASE NO.:

BEST BUY CO., INC.,

     Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, Best Buy Stores, L.P. (incorrectly named in Plaintiff's Complaint as "Best Buy Co., Inc."), by and through its undersigned attorneys and pursuant to 28 U.S.C. § 1446, files with this Court a Notice of Removal of the above-captioned matter from the Second Judicial Circuit, in and for Leon County, Florida. In support of the removal of this action, Defendant states as follows:

     1.     Plaintiff, Bobbi Reagan ("Plaintiff" or "Ms. Reagan"), has filed a civil action in the Circuit Court, Second Judicial Circuit, in and for Leon County, Florida, Case No. 2024-CA-000446, for claimed injuries due to an incident in which Ms. Reagan allegedly tripped and fell while on Defendant's premises on April 13, 2023 in Leon County, Florida (Complaint ¶¶ 4, 7). True and correct copies of all process and pleadings served by or upon Defendant, as provided by 28 U.S.C. § 1446(a), are attached hereto as EXHIBIT "A".

EXHIBIT
A

2.      Defendant removes this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 and § 1441.

3.      At the time of the incident alleged in Plaintiff's Complaint, Plaintiff was a citizen and resident of Orange County, Florida (*Id.* ¶ 2). Defendant has attached a Westlaw report conducted on Plaintiff (EXHIBIT "B"). The report states Plaintiff's current address is in Orlando, Florida, which is, according to Westlaw, the address where Plaintiff has resided since 2023. Prior to that, the Westlaw report states that Plaintiff resided in Crawfordville, Wakulla County, Florida from approximately 2012 to 2023. The address provided on Plaintiff's motor vehicle registration is a Crawfordville, Florida address.

4.      Defendant contends the foregoing sufficiently shows Plaintiff's "true, fixed and permanent home and principal establishment . . . to which [she has] the intention of returning whenever [she is] absent therefrom" is her home within the State of Florida. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002).

5.      Defendant has also received some of Plaintiff's medical bills associated with her alleged injuries. These records show the Plaintiff provided an address located in Crawfordville, Wakulla County, Florida. Medical Bills from Tallahassee Memorial Hospital, Tallahassee Memorial Healthcare, Central EMS, and Northside Hospital are attached hereto as EXHIBIT "C".

6.     Defendant contends the foregoing sufficiently shows Plaintiff's "true, fixed and permanent home and principal establishment . . . to which [she] has the intention of returning whenever [she] is absent therefrom" is her home within the State of Florida. See McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002).

7.     As noted in Defendant's Answer and Affirmative Defenses, Defendant, Best Buy Stores, L.P., was incorrectly named as "Best Buy Co., Inc." Best Buy Co., Inc. is a Foreign Profit Corporation which is a domiciliary of the State of Minnesota, is incorporated in Minnesota, and has its principal place of business in Minnesota. Thus, complete diversity exists between Plaintiff and the incorrectly named entity.

8.     The correct entity for Defendant, Best Buy Stores, L.P., is a limited partnership formed under the laws of Virginia with its principal place of business located in Minnesota. Best Buy Stores, L.P., is comprised of two partners: (i) BBC Property Co., a corporation formed under the laws of Minnesota with its principal place of business located at 7601 Penn Avenue S., Richfield, Minnesota, and (ii) BBC Investment Co., a corporation formed under the laws of Nevada with its principal place of business located at 7601 Penn Avenue S., Richfield, Minnesota.

9.     Pursuant to 28 U.S.C. § 1332, in a civil action, unincorporated business organizations such as limited partnerships are deemed to be citizens of all states in which all of their members or partners are citizens, and not simply the states in which

3

they were formed or have their principal place of business. As outlined in Paragraph 6, the limited partners who comprise Best Buy Stores, L.P., hold citizenship in Minnesota and Nevada.

10.    Thus, complete diversity exists between Plaintiff and Defendant.

11.    The Complaint alleges the Plaintiff's damages exceed "the sum of $50,000.00 . . ." (Complaint ¶ 1). In addition, Plaintiff's Civil Cover Sheet alleges that the estimated amount of the claim is in excess of $100,000.00. Plaintiff's claimed damages include: "bodily injury in and about her body and extremities resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition" (*Id.* ¶ 8).   Plaintiff claims these losses are either permanent or continuing. (*Id.*).

12.    Following the filing of the lawsuit, Plaintiff provided medical bills and records on April 11, 2024. Plaintiff's email is attached hereto as EXHIBIT "D". Defendant does not yet have all of Plaintiff's medical bills, but medical bills that were provided by Plaintiff amount to a total $257,334.62. The breakdown of the bills provided by Plaintiff are as follows:

| | |
|---|---|
| Tallahassee Memorial Hospital | $ 193,184.50 |
| Tallahassee Memorial Healthcare | $ 1,193.00 |
| Central EMS | $ 1,481.62 |
| Northside Hospital | $ 61,475.00 |

**TOTAL**                                           **$ 257,334.62**

The bills are attached hereto as EXHIBIT "C".

13.   Based on the foregoing, the claimed damages and amount in controversy in this case are well above the $75,000.00 jurisdictional requirement.

14.   Defendant has filed this Notice of Removal within thirty (30) days of receipt of records and medical bills indicating that Plaintiff's alleged damages well exceed the $75,000.00 jurisdictional requirement.

15.   Pursuant to 28 U.S.C. § 1446(d), Defendant has given written notice of this removal to all parties and has filed a copy of this Notice of Removal in the Circuit Court, Second Judicial Circuit, in and for Leon County, Florida.

16.   The United States District Court for the Northern District of Florida, Tallahassee Division, encompasses the location of the State Court action.   Thus, Defendant may properly remove the State Court action to this District Court pursuant to 28 U.S.C. §1441(a).

17.   The amount in controversy in this case is greater than $75,000.00 exclusive of interest and costs, and there is complete diversity between the parties. Therefore, this United States District Court has original jurisdiction pursuant to 28 U.S.C. §1332.

18.   Pursuant to the rules of this Court, Defendant has submitted the $400.00 filing fee.

WHEREFORE, the Defendant respectfully requests that this Court accept the removal of this action from the Circuit Court, Second Judicial Circuit, in and for Leon County, Florida.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been e-filed with the Clerk of the Court by using the U.S. Federal Courts e- Portal document filing system and furnished to the following named addressees via email on this 9th day of May 2024:

**Teddy Foster, Esquire**
Florida Bar No.: 111979
**Morgan & Morgan, P.A.**
501 Riverside Avenue, Suite 1200
Jacksonville, FL 32202
Email (Primary) tfoster@forthepeople.com
Email(Secondary) tsteele@forthepeople.com; mkimbrew@forthepeople.com
Telephone: (904) 944-8390
Facsimile: (904) 944-8490
*Attorneys for Plaintiff*

**SAALFIELD SHAD, P.A.**

**/s/ Joseph B. Stokes, III**

**_____**
**JOSEPH B. STOKES, III, ESQUIRE**
Florida Bar Number: 897183
Email (Primary) jstokes@saalfieldlaw.com
Email (Secondary) llovein@saalfieldlaw.com
sbrice@saalfieldlaw.com
**SARAH M. KIESOW, ESQUIRE**
Florida Bar Number: 1013505
Email (Primary) skiesow@saalfieldlaw.com
Email (Secondary) lhoepker@saalfieldlaw.com

6

245 Riverside Avenue, Suite 400
Jacksonville, FL 32202
904-355-4401 (phone)
904-355-3503 (facsimile)
***Attorneys for Defendant***